S. LANE TUCKER
United States Attorney

C. CODY TIRPAK
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: cody.tirpak@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>RODNEY GENE GODWIN,<br><br>　　　　　　　Defendant. | No.  3:24-cr-00094-SLG-MMS<br><br>COUNTS 1-2:<br>WIRE FRAUD<br>　　Vio. of 18 U.S.C. § 1343<br><br>CRIMINAL FORFEITURE ALLEGATION:<br>　18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(a) |

**INDICTMENT**

　　The Grand Jury charges that:

INTRODUCTORY ALLEGATIONS

　　At all times relevant to this Indictment:

　　1.　Defendant Rodney Godwin ("Defendant") was a resident of Anchorage, Alaska.

//

2. On May 23, 2000, Defendant was convicted of Grand Larceny and Burglary in the 2nd Degree, both felonies, in the State of South Carolina, General Sessions Court, case number E091730.

3. On June 12, 2009, Defendant was convicted of Fourth Degree Misconduct Involving Controlled Substances, a felony, in the Superior Court for the State of Alaska, Third Judicial District, case number 3AN-09-04214CR.

4. On September 18, 2009, Defendant was convicted of Second Degree Theft, a felony, and Violating Conditions of Release, a misdemeanor, in the Superior Court for the State of Alaska, Third Judicial District, case number 3AN-09-05805CR.

5. On December 17, 2010, Defendant was convicted of First Degree Unlawful Evasion, a felony, in the Superior Court for the State of Alaska, Third Judicial District, case number 3AN-09-13382CR.

6. On July 13, 2017, Defendant was convicted of Felony DUI 2+ Priors, Delivery/Possession with Intent, and Felon in Possession, all felonies, in the Superior Court for the State of Alaska, Third Judicial District, case number 3KN-14-00241CR.

## COVID Disaster-Relief Loans

7. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act became law. The CARES Act created the Economic Injury Disaster Loans ("EIDLs").

8. The EIDL program is an SBA program providing low-interest financing to small businesses, renters, and homeowners affected by declared disasters. The CARES Act and Coronavirus Response and Relief Supplemental Appropriations Act of 2021

authorized the SBA to issue EIDLs (and additional EIDL advances of up to $10,000) to small businesses within three days of applying for an EIDL. EIDLs must be repaid and are determined based upon the number of certified employes by the applicant. EIDL advances do not have to be repaid. To obtain an EIDL and/or an EIDL advance, qualifying businesses must submit an application to the SBA and provide information about business operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster; in the case of EIDLs for COVID-19 relief, the 12-month period preceding January 31, 2020. The applicant must also certify all application information submitted is true and correct to the best of the applicant's knowledge.

9. EIDL applications were submitted over the internet via SBA's computer servers and transited via interstate wires depending upon their date of application. Prior to July 11, 2020, applications originating in any state beginning with prefix 36 transited via wires to Washington, before deposits are initiated in Colorado and subsequently transited through Virginia to the targeted bank account. Beginning on July 11, 2020, all EIDL applications, regardless of number, were routed to servers in the State of Iowa, before deposits are initiated in Colorado and subsequently transited through Virginia to the targeted bank account.

The General Scheme

10. From no later than March 2020, and continuing through May 9, 2023, Defendant Rodney Godwin knowingly and willfully executed a scheme and artifice to

defraud the SBA and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

11. Specifically, Defendant applied for two EIDLs and an EIDL Advance by means of materially false and fraudulent pretenses, representations, and promises. Both loan applications were granted, and the Defendant received two EIDLs and an EIDL Advance totaling $175,000.

## Manner and Means

12. As part of the scheme and artifice to defraud, Defendant committed or participated in the following acts:

### The First EIDL

13. On March 31, 2020, Defendant submitted an EIDL application number 3600205474 to the SBA on behalf of Auto Plus seeking EIDL funding totaling $72,000, and an EIDL Advance totaling $3,000.

14. In the EIDL application, Defendant claimed Auto Plus doing business as Automobile Sales and Service, was a sole proprietorship opened in August 2019, employing 3 people in the business of New/Used Automobile Dealerships, with 2019 Gross Revenues of $300,000 and Cost of Goods Sold totaling $150,000.

15. The EIDL application contained the following false statement: In response to the question of whether Defendant had ever been convicted, pleaded guilty, pleaded nolo contendere, been placed on pretrial diversion, or been placed on any form of parole or probation, Defendant indicated that he had not. In truth, Defendant had been convicted of

eight felonies dating back to 2000 and as recently as 2017, but knowingly and willfully provided false information about the convictions.

16. Based at least in part on the materially false statements and omissions, the SBA approved EIDL application number 3600205474, and dispersed an EIDL totaling $72,000 (minus $100 fee) and an EIDL Advance totaling $3,000 on May 26, 2020, both to a Wells Fargo account.

## The Second EIDL

17. On March 31, 2020, Defendant filed a second EIDL application number 3600208089 on behalf of Handyman Plus seeking $100,000.

18. In the EIDL application, Defendant claimed Handyman Plus doing business as Handyman, was a sole proprietorship opened in March 2018, employing 3 people in the business of Construction Contractors, with 2019 Gross Revenues of $380,000 and Cost of Goods Sold totaling $180,000. The second EIDL application contained the following false statement: In response to the question of whether Defendant had ever been convicted, pleaded guilty, pleaded nolo contendere, been placed on pretrial diversion, or been placed on any form of parole or probation, Defendant indicated that he had not. In truth, Defendant had been convicted of eight felonies dating back to 2000 and as recently as 2017, but knowingly and willfully provided false information about the convictions.

19. Based at least in part on the materially false statements and omissions, the SBA approved EIDL application 3600208089, and dispersed an EIDL totaling $100,000 (minus $100 fee) to a Wells Fargo account on May 27, 2020.

## COUNTS 1-2
(Wire Fraud - 18 U.S.C. § 1343)

20. The allegations contained in paragraphs 1 to 19 are hereby incorporated by reference.

21. On or about the dates set forth in the separate counts below, within the District of Alaska, Defendant did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and, for the purpose of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs and signals, namely:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | May 26, 2020 | EIDL proceeds totaling $101,900 received into Defendant's Wells Fargo business bank account XXXXXX3971 for Auto Plus |
| 2 | May 27, 2020 | EIDL proceeds totaling $99,900 received into Defendant's Wells Fargo business bank account XXXXXX0355 for Handyman Plus |

All in violation of 18 U.S.C. § 1343.

## CRIMINAL FORFEITURE ALLEGATION

Upon conviction of the wire fraud offenses alleged in Counts 1 through 2 of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property, real or personal, which constitutes or is derived from

proceeds traceable to the offense, including but not limited to a money judgment for a sum of money equal to the value of the property subject to forfeiture.

If, as a result of any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States to seek forfeiture of other property of the defendant pursuant to 21 U.S.C. § 853(p).

All pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ C. Cody Tirpak
C. CODY TIRPAK
Assistant U.S. Attorney
United States of America

s/ Kate Vogel for
S. LANE TUCKER
United States Attorney
United States of America

DATE: August 21, 2024